UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIDIER VAZQUEZ CHAVEZ,

      Plaintiff,

    v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION FACILITY,
U.S. ATTORNEY GENERAL,

      Defendants.

Case No. 2:26-cv-1323-KCD-DNF

_____/

## ORDER

Petitioner Didier Vazquez Chavez is a Cuban citizen who is subject to a final order of removal. (Doc. 7-1 at 2.)[1] He was recently detained by U.S. Immigration and Customs Enforcement ("ICE"). He now seeks a pro se writ of habeas corpus under 28 U.S.C. § 2241, arguing that his continued detention violates the Fifth Amendment. (Doc. 1 at 7.) The Government opposes the petition. (Doc. 7.) For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Background

Chavez was ordered removed from the United States in 2019 after a conviction for grand theft. (Doc. 7-1 at 8-9.) He was not removed at that time but instead placed on an order of supervision. (*Id.* at 5.)

On March 2, 2026, ICE determined it was appropriate to detain Chavez once more and revoked his supervision to execute his longstanding removal order. (Doc. 7-1 at 5.) He was provided a notice of revocation and an informal interview the next day. (*Id.* at 5-7.) On April 21, he was served notice that ICE intends to remove him to Mexico. (*Id.* at 12.) On May 17, ICE made good on that notice, but according to the unrebutted record, Chavez refused to cooperate with the removal. (Doc. 7-2.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

2

### III. Discussion

The Government first claims that two provisions of the INA—8 U.S.C. §§ 1252(g) and (b)(9)—preclude federal jurisdiction. We have already addressed these arguments and rejected them for the same reasons they fail today. *See Obando-Vargas v. Assistant Dir.*, No. 2:26-CV-265-KCD-NPM, 2026 WL 796804, at *1-2 (M.D. Fla. Mar. 23, 2026). The Court thus turns to the merits.

As best the Court can tell from the pro se petition, Chavez presses one substantive claim—the Government revoked his supervised released in violation of the Due Process Clause. (Doc. 1 at 7.)

For starters, it's not entirely clear that Chavez is entitled to a freestanding due process analysis at this time. When the Supreme Court confronted the constitutional perils of indefinite immigration detention in *Zadvydas v. Davis*, it did not instruct lower courts to start weighing the process afforded to the detainee. It set a timer. For the first six months, detention is presumptively reasonable. 533 U.S. 678, 701 (2001). So until that timer goes off, *Zadvydas* itself seemingly supplies the constitutional metric. *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020). "In other words, the *Zadvydas* standard *is* due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024). Because Chavez's detention is barely out of the starting

gate, he is presumably not yet entitled to anything more. But even if he had been detained beyond six months, on May 17, 2026, he refused removal to Mexico, which tolls the detention period. (Docs. 7-2); *see Akinwale*, 287 F.3d at 1052 n.4 (stating that "removal period shall be extended ... if the alien ... acts to prevent the alien's removal subject to an order of removal").

Even if we assume the due process clause applies with full force, Chavez still comes up empty. At its core, the Due Process Clause demands that before the government strips a person of a protected liberty interest, it must provide notice and a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). "Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010).

In the context of revoking a noncitizen's supervised release, as here, ICE's regulations strike that constitutional balance by guaranteeing written notice and an informal interview that allows the individual to respond. *See* 8 C.F.R. §§ 241.4(l)(1), 241.13(i). According to the existing record, Chavez received both. (*See* Docs. 7-1 at 5-7.) He got exactly what the Fifth Amendment requires—notice and a meaningful opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

The Constitution guarantees a fair process, not a favorable result. Because ICE afforded Chavez the requisite notice and an opportunity to be heard, his procedural due process claim fails.

## IV. Conclusion

The habeas petition (Doc. 1) is **DENIED WITHOUT PREJUDICE** to Chavez refiling a new petition should his current detention be unimpeded and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on May 19, 2026.

Kyle C. Dudek
United States District Judge

5